# KURKOWSKI LAW, LLC

**By: Daniel M. Kurkowski, Esquire**
1252 Route 109 S.
Cape May, New Jersey 08204
(609) 884-1788; Fax (609) 884-1163
info@kurkowskilaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN, NEW JERSEY

| ROBERT VOLLRATH, *Plaintiff*, v. THE ARC OF CAPE MAY COUNTY, INC., BRIAN SACCO, JOHN DOE BUSINESS ENTITIES (Plural 1-5) AND JOHN DOE INDIVIDUALS (Plural 1-5), *Defendants*. | Case No.: Civil Action **COMPLAINT AND JURY DEMAND** |
|---|---|

## COMPLAINT

Plaintiff, Robert Vollrath, residing on Old Mill Road in North Cape May, New Jersey 08204, by way of Complaint as against all Defendants, states the following:

### INTRODUCTION

Plaintiff, Robert Vollrath, brings this Complaint seeking recovery against Defendant for Defendant's violations of the Family and Medical Leave Act of 1993, codified at 29 U.S.C. §2601 *et seq*. and its correlating regulations (hereinafter collectively referred to as "FMLA") for interference and retaliation (COUNT ONE); New Jersey Law Against Discrimination codified at N.J.S.A. 10:5-1, *et seq*., and its administrative regulations (hereinafter collectively referred to as

1

"NJLAD") for discrimination on the basis of a disability, failure to reasonably accommodate a disability and failure to conduct an interactive process regarding reasonable accommodations (COUNT TWO); and violation of the New Jersey Workers' Compensation Act, codified at N.J.S.A. 34:15-1, *et seq.* (hereinafter "NJWCA") for workers' compensation retaliation (COUNT THREE).

## PARTIES

1. Plaintiff, Robert Vollrath, is an individual and citizen of both the State of New Jersey and the United States of America and at all times performed work for Defendant in the State of New Jersey.

2. Defendant, The Arc of Cape May County, Inc. is a business entity that operates in the State of New Jersey and whose physical location is at 822 Route 47, South Dennis, NJ 08245.

3. Defendant, Brian Sacco, is Director of Human Resources for The Arc of Cape May County, Inc., and alleged to be an aider and abettor of discrimination, resulting in individual liability.

4. Defendants, John Doe Individuals (Plural 1-5) and John Doe Business Entities (Plural 1-5), are unknown to Plaintiff at this time and Plaintiff seeks to preserve his rights to amend the Complaint pursuant to the John Doe Rule if additional names of individuals or other business entities become known.

## JURISDICTION AND VENUE

1. This judicial district has jurisdiction of this matter and venue is appropriate in this judicial district as a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district; and, Defendant has sufficient contacts in this

jurisdiction to be subject to personal jurisdiction herein.  28 U.S.C. §1391(b).

2. This Court has jurisdiction over this matter because Plaintiff is asserting a violation of her rights under The Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq*.

3. This Court also has supplemental subject matter jurisdiction over the state law claims pled in this Complaint.  28 U.S.C. §1367.

## FACTS RELEVANT TO ALL COUNTS

1.  Robert Vollrath (hereinafter "Plaintiff") was hired by The Arc of Cape May County, Inc. (hereinafter "Defendant") in or about January 2015 as a Crew Labor Supervisor.

2. Plaintiff was an adequate, if not stellar employee for Defendant, with no discipline issued to him or work performance issues presented to him prior to his notification to Defendant of his disability and subsequent application for medical leave and requests for reasonable accommodations.

3. Plaintiff was the recipient of raises, bonuses, and positive evaluations due to his excellent performance.

4. Very unfortunately, Plaintiff was seriously injured at work on or about March 31, 2016, suffering a fracture to his left leg, just below his knee.

5. In or about late 2017, Plaintiff began treating with orthopedist Dr. Fotios P. Tjoumakaris, MD of Rothman Institute for pain he was experiencing in his left knee.

6. Plaintiff's left knee condition was attributable to the fracture in his left leg that he sustained while working for Defendant.

7. Due to such injury and condition, Plaintiff was still experiencing severe pain in his knee in or about May 2018.

8. Plaintiff was informed by Dr. Tjoumakaris that his knee would require surgery and a

subsequent medical leave of absence for rehabilitation.

9. Plaintiff underwent knee surgery on May 10, 2018.

10. Plaintiff's medical leave of absence stemmed from May 7, 2018 to a date decided after further evaluation.

11. Plaintiff was reevaluated in June 2018, and his medical leave was extended.

12. Plaintiff was reevaluated in July 2018, and his medical leave was extended.

13. On or about July 30, 2018, Plaintiff received a phone call from Defendant's Director of Human Resources, Mr. Brian Sacco, who stated that Plaintiff had exhausted his FMLA protected medical leave on July 30, 2018 and terminated Plaintiff on July 30, 2018.

14. Repugnantly, Mr. Sacco termed Plaintiff's termination as a resignation, despite Plaintiff never resigning.

15. Mr. Sacco also terminated Plaintiff's health insurance on July 30, 2018 (effective August 1, 2018).

16. On July 30, 2018, Mr. Sacco also sent Plaintiff a letter confirming that Plaintiff's FMLA protected medical leave was exhausted on July 30, 2018, that Plaintiff was terminated on July 30, 2018, and that Plaintiff's medical benefits were terminated on July 30, 3018 (effective August 1, 2018).

17. As of July 30, 2018, Plaintiff had only exercised eleven (11) weeks of FMLA protected medical leave (stemming from May 7, 2018).

18. In bad faith, Mr. Sacco attempted to have Plaintiff sign a letter stating that Plaintiff resigned, which Plaintiff refused to sign.

19. Plaintiff contacted Mr. Sacco after receiving his letter dated July 30, 2018 and told Mr. Sacco that he never resigned, and that such notion in Mr. Sacco's letter was false, to

which Mr. Sacco stated that he would reissue another letter stating that Plaintiff was terminated, which Mr. Sacco never did.

20. On or about August 15, 2018, Plaintiff was returned to work in a modified duty capacity, with the restrictions of no repetitive kneeling or squatting and no using the left knee to push or pull more than fifty (50) pounds.

21. Defendant refused to allow Plaintiff to return to work, refused to provide Plaintiff with reasonable accommodations, and failed to engage in an interactive process with Plaintiff to determine what accommodations were necessary.

## **COUNT ONE**

1. Plaintiff repeats the allegations contained in the preceding Facts Relevant to All Counts and incorporates them as Paragraph 1 of this Count One as though they were fully set forth at length herein.

2. This Count One is brought for interference and retaliation under the FMLA.

3. Plaintiff was an adequate, if not excellent, employee of Defendant.

4. Plaintiff was forced to exercise FMLA protected medical leave.

5. Defendant terminated Plaintiff within the twelve (12) protected weeks of FMLA medical leave, despite his notice to Defendant of his disability and despite the reasonable accommodations that would have permitted Plaintiff to return to work on or about August 15, 2018.

6. Plaintiff was terminated within the twelve weeks of FMLA protected medical leave, however Defendants clearly thought they were terminating him on the exact date that they thought Plaintiff's medical leave would expire.

7. Plaintiff alleges that his rights were interfered with under the FMLA.

8. Plaintiff alleges retaliation for his FMLA protected leave of absence.

9. An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any FMLA right.

10. An employer is prohibited from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise any FMLA right.

11. But for Plaintiff's disability and requirement for medical leave, he would still be within the ranks of Defendant's employed.

12. As a direct and proximate result, Plaintiff's rights were offended under the FMLA for interference and retaliation, causing Plaintiff to suffer substantial economic loss; loss of income and other pecuniary harm; diminished career opportunity; harm to his business reputation; disruption to his family life; loss of self-esteem; physical injury; emotional trauma and distress; and other harm, pain and suffering.

**WHEREFORE**, Plaintiff brings this Count as against Defendants and John Doe Individuals (Plural 1-5) and John Doe Business Entities (Plural 1-5), jointly, severally and in the alternative for violations of the FMLA and seeks compensatory damages, liquidated damages under the FMLA, front pay, back pay, emotional distress damages, interests, lost benefits, punitive damages, attorney's fees and costs and all other such relief that a judge or a jury may deem just and appropriate under the FMLA.

### COUNT TWO

1. Plaintiff repeats the allegations contained in the preceding Facts Relevant to All Counts and Count One and incorporates them as Paragraph 1 of this Count Two as though they were fully set forth at length herein.

2. Plaintiff brings this Count Two for Defendant's violation of the NJLAD for

discrimination on the basis of a disability.

3. Plaintiff's disability and his required reasonable accommodations (medical leave and modified duty), were the basis that caused Defendants to terminate his employment.

4. Defendant summarily terminated Plaintiff due to the false reason of exhausting FMLA protected medical leave, despite the fact that the FMLA medical leave was not exhausted and despite knowing that Plaintiff was being returned to work in a modified capacity two weeks after the false date of his FMLA expiration.

5. Defendant terminated Plaintiff without any interactive process.

6. Defendant denied Plaintiff the reasonable accommodation of one more week of medical leave (from the date that Plaintiff's FMLA actually expired, not the false date Defendant terminated Plaintiff on July 30, 2018) and denied Plaintiff the reasonable accommodation of modified duty work.

7. After terminating Plaintiff in violation of both the FMLA and NJLAD, Defendant, by and through its Human Resources Director Brian Sacco, in bad faith attempted to have Plaintiff falsely sign paperwork stating that he resigned, and when Plaintiff refused to do so, Defendant falsely considered the termination as a resignation.

8. It is an unlawful employment practice for an employer, because of disability, to refuse to employ, refuse to hire, or to bar from employment an individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

9. Defendant Brian Sacco is also individually liable for aiding and abetting disability discrimination because he knowingly and substantially assisted the principal violation.

10. As a direct and proximate result, Plaintiff's rights were offended under the NJLAD for discrimination on the basis of a disability, failure to reasonably accommodate a disability,

and failure to engage in an interactive process with Plaintiff regarding reasonable accommodations, causing Plaintiff to suffer substantial economic loss; loss of income and other pecuniary harm; diminished career opportunity; harm to his business reputation; disruption to his family life; loss of self-esteem; physical injury; emotional trauma and distress; and other harm, pain and suffering.

**WHEREFORE**, Plaintiff brings this Count as against the Defendant, Brian Sacco (individually as an aider and abettor of discrimination), and John Doe Individuals (Plural 1-5) and John Doe Business Entities (Plural 1-5), jointly, severally and in the alternative for violations of the NJLAD and seeks compensatory damages, front pay, back pay, emotional distress damages, interests, lost benefits, punitive damages, attorney's fees and costs and all other such relief that a judge or a jury may deem just and appropriate under the NJLAD.

### COUNT THREE

1. Plaintiff repeats the allegations contained in the preceding Facts Relevant to All Counts and Counts One and Two and incorporates them as Paragraph 1 of this Count Three as though they were fully set forth at length herein.

2. It is unlawful for an employer to discharge or discriminate against an employee because he has claimed or attempted to claim workers' compensation benefits from his employer.

3. An employee who is retaliated by his employer for pursuing workers' compensation benefits, may file a civil action in the Superior Court and seek compensatory and punitive damages.

4. Under a workers' compensation retaliation claim a Plaintiff need only prove: (1)

8

that he or she made or attempted to make a claim for workers' compensation; and (2) that he or she was discharged in retaliation for making that claim.

5. Plaintiff made a workers' compensation claim and is represented by an attorney in such claim.

6. Plaintiff avers that part of the motive to terminate his employ was his workers' compensation claim.

7. As a direct and proximate result, Plaintiff's rights were offended under the NJWCA for workers' compensation retaliation causing Plaintiff to suffer substantial economic loss; loss of income and other pecuniary harm; diminished career opportunity; harm to his business reputation; disruption to his family life; loss of self-esteem; physical injury; emotional trauma and distress; and other harm, pain and suffering.

**WHEREFORE**, Plaintiff brings this Count as against the Defendant, Brian Sacco, and John Doe Individuals (Plural 1-5) and John Doe Business Entities (Plural 1-5), jointly, severally and in the alternative for violations of the NJWCA and seeks compensatory damages, front pay, back pay, emotional distress damages, interests, lost benefits, punitive damages, attorney's fees and costs and all other such relief that a judge or a jury may deem just and appropriate under the NJWCA.

        KURKOWSKI LAW, LLC

        */s/     Daniel Kurkowski*
        Daniel M. Kurkowski, Esq.
        Attorneys for Plaintiff

Dated: March 1, 2019

## CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify that there are no other actions to my

knowledge pending in any Court concerning the subject matter of the Complaint contained herein. I further certify that there are no other parties to my knowledge who should be joined in this action at this time.

Nothing contained in this Complaint shall be construed or deemed an admission, of any kind, against Plaintiff. This is not a verified complaint and is a document prepared by counsel.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

KURKOWSKI LAW, LLC


*/s/       Daniel Kurkowski*
Daniel M. Kurkowski, Esq.
Attorneys for Plaintiff

Dated: March 1, 2019

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure for all issues so triable.

KURKOWSKI LAW, LLC


*/s/       Daniel Kurkowski*
Daniel M. Kurkowski, Esq.
Attorneys for Plaintiff

Dated: March 1, 2019

## DEMAND TO PRESERVE EVIDENCE

1. All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, to any defenses to the same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital

images, computer images, cache memory, searchable data, emails, spread sheet, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, Snapchat, Instagram, Google+, etc.) and any other information and /or data and/or things and/or documents, including specifically but not limited to the time cards, time sheets, and/or log books and all payroll records (both physical documents and electronic documents and/or data), which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

                                                KURKOWSKI LAW, LLC

                                                */s/       Daniel Kurkowski*
                                                Daniel M. Kurkowski, Esq.
                                                Attorneys for Plaintiff

Dated: March 1, 2019